UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| ANTHONY HORTON, ET AL. | CIVIL ACTION NO. 05-1609 |
|---|---|
| versus | JUDGE WALTER |
| KANSAS CITY SOUTHERN RAILWAY COMPANY, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Anthony and Virginia Horton, together with three of their minor children, filed suit in state court against Kansas City Southern Railway Company, Howard Greer and J. W. Tomlin, Jr. arising out of a train/automobile accident. The members of the Horton family were injured when their automobile was struck by a KCS train. The train was being operated by Greer and Tomlin. KCS and Greer removed the case based on an assertion of diversity jurisdiction.

The court issued an order, sua sponte, directing the removing parties to amend their notice of removal with respect to the amount in controversy. Plaintiffs then filed a Motion to Remand (Doc. 11) on the grounds that the removal by Greer, a Louisiana citizen, ran afoul of the rule in 28 U.S.C. § 1441(b) that a diversity case is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Defendants' opposition relies solely on the rule found in Section 1447(c) that: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." That limitation applies to the bar against removal by local defendants, and that defect is waived if it is not raised in a timely motion to remand. In re: Shell Oil Co., 932 F.2d 1518, 121 (5th Cir. 1991). Defendants do not explain their view of how the 30-day rule is applicable to the specific dates and events in this case; they merely invoke the rule and request that the motion to remand be denied.

Plaintiffs have not filed a reply to address the timeliness/waiver defense to their motion, but the court has reviewed the record and determined that Plaintiff's motion to remand was timely. The notice of removal was filed on September 12, 2005, so Plaintiffs were obligated to file their motion to remand "within 30 days after the filing of the notice of removal" to be timely. The 30-day period is calculated in accordance with the rules in F. R. C. P. 6(a). Those rules provide that, in computing any period of time prescribed or allowed by any applicable statute, the day of the act or event from which the designated period of time begins to run shall not be included. Accordingly, September 13, 2005 was day one. Rule 6(a) also provides that the last day of the period so computed shall be included, unless it is a Saturday, Sunday, legal holiday or day on which the clerk's office is inaccessible. Day 30 fell on October 12, 2005, a Wednesday on which the clerk of court was open for business. That is the day Plaintiffs filed their motion to remand and, thus, preserved their right to raise

the procedural defect.

Defendants assert no arguments, other than timeliness, with respect to the Section 1441(b) issue. Counsel for Defendants was contacted by the court and permitted the opportunity to cite legal authority for a method of counting the 30-day period other than the method explained above, but he was not able to produce any such authority. Accordingly, the procedural defect was timely asserted and is a bar to removal of this civil action. The **Motion to Remand (Doc. 11)** will be **granted** and, subject to the stay set forth in the accompanying Order, this case will be remanded to the Second Judicial District Court, Bienville Parish, Louisiana.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 22nd day of November, 2005.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE